UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS HEARN on behalf of JOSEPH
HEARN, deceased,

    Plaintiff,

v.                                                        Case No: 2:18-cv-145-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Dennis Hearn, on behalf of Joseph Hearn, deceased, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record

regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On January 18, 2013, Plaintiff filed an application for a period of disability and Disability Insurance Benefits and an application for Supplemental Security Income, alleging in both applications a disability onset date of November 23, 2005. (Tr. 144, 369). The agency denied Plaintiff's claims at the initial and reconsideration levels. (Tr. 118-78, 181-92, 195--206). After an initial administrative hearing on August 11, 2015 (Tr. 58-74), and a supplemental hearing on October 20, 2016 (Tr. 43-55), Administrative Law Judge David J. Begley (the "ALJ") found that the Plaintiff was not disabled in a decision dated March 7, 2017. (Tr. 10-40). Plaintiff requested review of the ALJ's decision and, on January 9, 2018, the Appeals Council denied the Plaintiff's request for review. (Tr. 1). Plaintiff initiated this action by Complaint (Doc. 1) on March 5, 2018. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

Before considering Plaintiff's claims pursuant to the sequential evaluation, the ALJ reviewed the procedural history of the case as follows:

> The claimant filed a prior Title II application on May 10, 2007, also alleging disability beginning November 23, 2005. An unfavorable

> decision was rendered by a Federal Reviewing Official on October 27, 2008 (Ex. B1A). Although the claimant appealed that decision, requesting a hearing on November 25, 2008, the claimant, by and through his attorney, withdrew his request for hearing on March 23, 2010 (Ex. B2A). Therefore, the request for hearing was dismissed, and the decision dated October 30, 2008 is administratively final.
>
> Because the prior decision is final and binding on the issue of disability during the previously adjudicated period, the undersigned finds that the requirements of the doctrine of res judicata, applying to the claimant's Title II claim, and collateral estoppel, applying to the claimant's Title XVI claim, have been satisfied (20 CFR 404.957(c)(l), 416.1457(c)(l), 404.950(f), 416.1450(f)). The undersigned finds that the record does not include any new and material evidence or other basis for reopening the prior decision. Therefore, consideration of the claimant's current claims is limited to the period beginning October 31, 2008, and continuing through the date of his death. The undersigned notes that any discussion of evidence created prior to the adjudication of October 30, 2008, is limited to the purpose of providing a foundation to consider the claimant's and the substitute party's allegations regarding the claimant's disability status since October 31, 2008 and is not an implied reopening of the claimant's prior Title II claim.

(Tr. 14-15).

Proceeding to the sequential evaluation, at step one of the sequential evaluation, the ALJ found that Plaintiff did not engage in substantial gainful activity after November 23, 2005, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: lumbago, bipolar disorder, ETOH abuse, panic disorder, and intermittent explosive disorder. (Tr. 17). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: no climbing ladders, ropes, or scaffolds; occasional climbing ramps and stairs; occasional balancing,

> stooping, kneeling, crouching, and crawling; simple, routine, repetitive tasks in a work environment free of fast-paced production requirements, involving only simple-work related decisions, and few if any workplace changes; occasional interaction with coworkers and supervisors and no direct interaction with the general public.

(Tr. 21). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a heavy equipment operator. (Tr. 29).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform the work requirements of such jobs as inspector-batteries, shipping and receiving weigher, and linen grader. (Tr. 30). The ALJ concluded that Plaintiff was not under a disability from November 23, 2005, the alleged onset date, through the date of his death. (Tr. 31).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to consider and weigh the opinions of examining physicians Dr. Brown, Dr. Burden, and Dr. Doerr; (2) whether the ALJ erred by relying on VE testimony that conflicted with the DOT; and (3) whether the ALJ erred by relying on unreliable VE testimony concerning job numbers. The Court begins with Plaintiff's first raised issue.

Plaintiff argues that the ALJ erred by failing to consider and weigh the opinions of DeWitt Brown, M.D., C. Nason Burden, M.D., and Joseph Doerr, M.D. (Doc. 21 p. 13). In response, Defendant argues that the ALJ properly did not consider the opinions from Dr. Brown and Dr. Burden as their opinions were rendered during the period of time subject to res judicata. (Doc. 21 p. 17-18). Further, Defendant argues that the ALJ's failure to consider Dr. Doerr's opinion was

harmless because his opinion was vague, does not translate into any particular limitation, and inconsistent with Plaintiff's work activity around the time of the examination. (Doc. 21 p. 16).

The record shows that on May 3, 2006, the Plaintiff saw an orthopedic surgeon Dr. Brown for an evaluation. (Tr. 1328-30). On examination, Dr. Brown noted that the Plaintiff walked with a limp. (Tr. 1329). He had weakness of unsupported stance on the right. (Tr. 1329). He had weakness of the extensor hallucis longus on the right and weakness of heel walking on the right. (Tr. 1329). The Plaintiff had low right sacroiliac discomfort, low back, and buttock discomfort on the right with flexion. (Tr. 1329). He had low back pain and radiculopathy on the right at about 80 degrees, especially with dorsiflexion of his foot. (Tr. 1329). He had straight leg raising test to about 80 degrees on the left in a supine position and complained of pain and radiation on the right at about 60 degrees. (Tr. 1329). Dr. Brown opined that the Plaintiff is a surgical candidate. (Tr. 1330). He further opined that the Plaintiff is limited to sedentary work with no bending, twisting, stooping, or lifting over 10 pounds. (Tr. 1330). He further opined that the Plaintiff should be allowed to change positions periodically. (Tr. 1330).

On September 27, 2006, the Plaintiff saw Dr. Burden for an independent evaluation. (Tr. 1319-25). Dr. Burden opined that the Plaintiff's ability to potentially return to the industrial market is limited only in a sedentary type of activity, which would limit lifting to 10 pounds and would require limited lifting, squatting, and bending. (Tr. 1325).

On March 31, 2011, the Plaintiff saw Dr. Doerr for a disability evaluation at the request of University of Massachusetts Disability Evaluation Services. (Tr. 1275-77). On physical examination, Dr. Doerr noted that the Plaintiff had slightly decreased sensation on the right lateral calf and foot. (Tr. 1276). His right jerk was decreased compared to the left. (Tr. 1276). He had moderate restriction around the right hip for internal rotation and lumbar flexion. (Tr. 1276).

Extension was limited to 40 degrees and left side bending was limited to 10 degrees secondary to pain. (Tr. 1276). The Plaintiff had positive straight leg raise test on the right at 60 degrees. (Tr. 1276). Dr. Doerr noted that, functionally, the Plaintiff gets up slowly to stand and exhibits a somewhat abbreviated right stance phase. (Tr. 1276). Dr. Doerr opined that the Plaintiff's functional limitations include alternating between standing and sitting and no excessive bending, reaching, or lifting. (Tr. 1276). Dr. Doerr further opined that Plaintiff may have additional limitations in terms of his hands due to possible carpal tunnel syndrome. (Tr. 1276).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds that the ALJ erred by failing to evaluate or even acknowledge the opinion of Dr. Doerr. While Defendant is correct that Dr. Doerr's opinion was not entitled to any deference or special consideration, it does not follow that the ALJ's failure to even acknowledge the opinion was harmless. Further, the Court rejects Defendant's argument that the ALJ's failure to even acknowledge the opinion was harmless because Dr. Doerr's opinion was impermissibly vague. Dr. Doerr's opinion concerning Plaintiff's functional limitations are clearly judgments concerning Plaintiff's physical restrictions which the ALJ was required to weigh

pursuant to *Winschel*. Perhaps the ALJ will determine the opinion is vague and therefore entitled to little weight. Defendant's argument, however, constitutes a post hoc rationalization upon which the Court will not rely upon review. *See, e.g., Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (finding that a court will not affirm based on a post hoc rationale that might have supported the ALJ's conclusion). On remand, the ALJ will be required to consider Dr. Doerr's opinion in accordance with *Winschel* and conduct any additional proceedings as appropriate.

As to the opinions of Drs. Brown and Burden, the Court finds no error in the ALJ's decision not to discuss their opinions. Dr. Brown gave his opinion in May 2006 (Tr. 1328-30), and Dr. Burden gave his opinion in September 2006. (Tr. 1319-25). The Federal Reviewing Official considered the opinions of Drs. Brown and Burden in the October 27, 2008, decision which found Plaintiff not disabled from his alleged onset date of November 7, 2005 (i.e., the same alleged onset date in the applications at issue in the case at hand) through the date of the decision. (Tr. 106-14). Plaintiff requested a hearing on the decision, but he subsequently withdrew the request, and the request was dismissed. (Tr. 117). The prior decision, therefore, became final and binding. See 42 U.S.C. § 405(h).

Administrative res judicata applies when the agency has "made a previous determination or decision ... about [a claimant's] rights on the same facts and on the same issue or issues, and [that] previous determination or decision [has] become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1); *Cash v. Barnhart,* 327 F.3d 1252, 1254–55 (11th Cir.2003). Here, res judicata applied to the period of time considered by the Federal Reviewing Official, i.e., November 7, 2005, through October 27, 2008. Dr. Brown and Dr. Burden offered their opinions

during this previously adjudicated time period and, thus, the Court finds no error in the ALJ's decision not to revisit these opinions.

The Court is unpersuaded by Plaintiff's argument that res judicata does not apply because the ALJ "effectively reopened" the decision of the Federal Reviewing Official by making new findings in the RFC assessment for the same time period already considered. (Doc. 21 p. 20-22). In his decision, the ALJ did find that Plaintiff "did not engage in substantial gainful activity after November 23, 2005, the alleged onset date" and that Plaintiff was not under a disability "from November 23, 2005, through the date of his death." (Tr. 17, 31). However, nothing in the ALJ's RFC analysis suggests, as Plaintiff claims, that the ALJ reconsidered the time period previously adjudicated. At the beginning of his decision, the ALJ acknowledged the previous determination and specified that consideration of the current claim is "limited to the period beginning October 31, 2008, and continuing through the date of his death." (Tr. 15). The ALJ's reference to November 23, 2005, was merely an incorporation of the previous adjudicated decision, not a knew consideration.

Upon remand, the ALJ's consideration of Dr. Doerr's decision may alter his RFC finding and subsequent analysis at step five. For this reason, the Court defers from addressing the other issues raised by Plaintiff at this time.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties